# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

BRIAN GROOM,                    )
                                )
                    Plaintiff,  )    **CIVIL ACTION**
                                )
v.                              )    No. 09-1179-MLB
                                )
BROADSPIRE SERVICES, INC. and   )
THE BOEING COMPANY,             )
                                )
                    Defendants. )
                                )

## **MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss. (Doc. 8). The motion has been fully briefed and is ripe for decision. (Docs. 9, 13, 14, 19). Defendants' motion is granted for the reasons herein.

**I.  Facts**

Plaintiff was an employee at a Boeing plant in Wichita, Kansas, for more than twenty-four years. Plaintiff's employment ended on June 16, 2005, after Boeing was sold to Onex and plaintiff did not receive an offer of employment from Onex. In August 2004, plaintiff established his own construction business and began working full time at that business after his termination.

Beginning in May 2005, plaintiff began medical treatment for reported work-related injuries. He filed a workers' compensation claim. Plaintiff's injuries included neck, arm, hands and leg pain. Plaintiff alleges that he sought treatment prior to that time but it was denied. Plaintiff was initially seen by both Drs. Murati and Barrett but, because they did not reach agreement on the cause of

plaintiff's injuries, plaintiff was sent to a third doctor at the request of the administrative law judge. The third doctor diagnosed plaintiff with carpel tunnel syndrome. Plaintiff began seeing Dr. Melhorn for treatment with carpel tunnel but his pain did not subside.

At some point in 2005, Broadspire, the third party administrator which handles Boeing's workers' compensation claims, hired an investigator to monitor plaintiff's activities. The investigator recorded plaintiff while he was working for his construction company. The video was provided to plaintiff's first workers' compensation attorney, Mike Snider.

At an unspecified time in 2007, plaintiff obtained a new workers' compensation attorney, Dennis Phelps. Because plaintiff's pain continued, Phelps recommended that plaintiff have an MRI of his neck. Instead of requesting an MRI through plaintiff's workers' compensation, plaintiff made his own appointment for an MRI on July 27, 2007. Plaintiff reviewed the MRI himself and concluded that he had a herniated disc. Plaintiff sought treatment for his neck from Dr. Melhorn but the doctor did not agree that there was an injury to plaintiff's neck. Plaintiff, again without requesting medical care through workers' compensation, made an appointment with Dr. Whitaker. In May 2008, plaintiff brought his MRI results to Dr. Whitaker who diagnosed plaintiff with a herniated disc and recommended surgery. Dr. Whitaker performed surgery on October 7, 2008. Plaintiff used his personal health insurance to cover the surgery. Plaintiff has also submitted the surgery bills to Broadspire which has yet to pay the claim. Plaintiff's workers' compensation claim is currently pending.

Plaintiff claims that the delay in treatment caused him to lose

money from different occupations and increased pain. Plaintiff then spends a significant amount of time in his complaint discussing workers' compensation law and the exclusive remedy rule.

Defendants move for dismissal on the basis that plaintiff's claim are either barred by the exclusivity provision of the Kansas Workers' Compensation Act or that they fail to state a claim.

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

**A. Exclusivity Provision**

The controlling statute here, K.S.A. 44-501(b), says in part: "Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act.

. . ." "The Workers Compensation Act is to be liberally construed in favor of bringing workers within its provisions." <u>Scott v. Altmar, Inc.</u>, 272 Kan. 1280, 1283, 38 P.3d 673, 676 (2002)(citing <u>Robinett v. The Haskell Co.</u>, 270 Kan. 95, 101, 12 P.3d 411 (2000)).

Defendants presumed, based on plaintiff's complaint, that plaintiff was alleging claims of negligence, fraud, civil conspiracy, defamation and workers' compensation retaliation. Plaintiff responded affirmatively that he is not making a claim for workers' compensation retaliation. (Doc. 13 at 2). Plaintiff, however, listed an additional nine claims against defendants:

> a. Boeing: breach of signed contract. 5 years statue of limitations from breach. K.S.A. 60-511 (1 )(5)
>
> b. Boeing: breach of employment benefits. 3 years statue of limitations from breach. K.S.A. 60-512 (1)(2)
>
> c. Broadspire: Fraud. 2 years statue of limitations upon discovery of clear and convincing evidence. K.S.A. 60-513 (a)(3){4)(b)
>
> d. Broadspire: liability for criminal activity. 2 years statue of limitations. K.S.A. 60-513 (a)(3){4)(b)
>
> e. Boeing and Broadspire: Emotion duress. 2 years statue of limitations. K.S.A. 60-513 (a)(3)(4)(b)
>
> f. Boeing and Broadspire: Recovery of property loss. 2 years statue of limitations. K.S.A. 60-513 (a)(3){4)(b)
>
> g. Boeing and Broadspire: Damages to Credit rating. 2 years statue of limitations. K.S.A. 60-513 (a){3)(4)(b)
>
> h. Boeing and Broadspire: Interference of commerce -2 years statue of limitations. K.S.A. 60-513 (a)(3)(4)(b)
>
> i. Broadspire: failing to provide -2 years statue of limitations. K.S.A. 60-513(a)(3)(4)(b)

(Doc. 13 at 3).

Defendants argue that the majority of plaintiff's claims, with

-4-

the exception of the defamation claim, are barred by the exclusivity clause. Plaintiff responds that the claims are not barred because they are not covered by the Workers' Compensation Act (the Act). In his response, plaintiff contends that he has sustained damages for the following reasons:

> 1. The injury was acquired over time from working at Boeing and so he was unable to work to maintain bills. The injury is covered under the KWCA. (hereafter P-1 damages)
>
> 2. The continuing of injury was due to negligence, conspiracy and fraud with intent to disallow Groom the right to receive treatment he is entitled to under the KWCA which also brought forth an inability to work to maintain bills. An injury that is not covered under the KWCA. (here after P-2 damages)

(Doc. 14 at 3).

After reviewing plaintiff's complaint and response to the motion to dismiss, it is very clear that plaintiff's allegations are all based on the treatment he did and/or did not receive following his supposed work-related injuries at Boeing. Plaintiff's allegations essentially accuse defendants of failing to provide treatment to plaintiff in a timely matter and conspiring to do so. It would appear that the majority of plaintiff's claims are therefore barred under the Act's exclusivity provision.

### A. Negligence

Plaintiff alleges that defendants were negligent by failing to provide plaintiff the medical treatment that he needed. (Doc. 22 at 24). Negligence claims, however, are barred by the exclusivity provision of the Act. <u>Anderson v. Commerce Const. Servs., Inc.</u>, 531 F.3d 1190, 1192-93 (10th Cir. 2008)("According to the Act, an employer cannot be held liable for negligence if the plaintiff can collect

benefits for the injury through the state workers' compensation system."). The Act provides relief when an insurer intentionally refuses to pay compensation prior to an award. See K.S.A. 44-512b; Hormann v. New Hampshire Ins. Co., 236 Kan. 190, 200, 689 P.2d 837, 844 (1984). Therefore, plaintiff may not additionally recover for negligence outside of the Act.

### B. Fraud and Civil Conspiracy

Plaintiff's complaint alleges that defendants have conspired to not provide medical treatment to plaintiff and have misrepresented plaintiff's injuries. Again, plaintiff's damages are the loss of income and payment for his work-related injuries. As set forth above, these damages are recoverable under the Act and therefore barred by the exclusivity provision.

### C. Defamation

Plaintiff claims that he has been defamed by the video that was taken which portrayed plaintiff working for his construction business. Under Kansas law, plaintiff must prove the following to prevail on his defamation claim: "(1) false and defamatory words; (2) communicated to a third person; and (3) which injured the plaintiff's reputation." Ali v. Douglas Cable Commc'ns, 929 F.Supp. 1362, 1384 (D. Kan. 1996). Plaintiff's defamation claim fails as a matter of law because he has not identified how the video by itself was false. Plaintiff admittedly was working at his construction job during the video. Plaintiff does not allege that the individual working was not him. Moreover, plaintiff has not alleged an injury to his reputation as a result of the video. Plaintiff merely alleges in conclusory fashion that his "reputation became at risk with the use of that video."

(Doc. 22 at 12). Therefore, plaintiff's claim for defamation fails as a matter of law.

### D. Breach of Contract and Employment Benefits

In his response, plaintiff now asserts a claim for breach of contract on the basis that Boeing agreed in a document called "The Code of Conduct" to provide workers' compensation coverage to employees. The court has reviewed the complaint and determined that it does not contain a claim for breach of contract. In any event, the damages for such a claim would entitle plaintiff to recover for his medical expenses and damages. As discussed above, those damages are available under the Act and therefore plaintiff's claim is barred by the exclusivity clause.

Plaintiff also asserts a claim of breach of employment benefits. Presumably, plaintiff is arguing that Boeing breached some sort of implied contract to provide workers' compensation benefits and failed to do so. Again, this claim is barred by the exclusivity clause as those remedies are available under the Act.

### E. Civil Liability for Criminal Activity

Plaintiff contends that Broadspire has intentionally failed to provide plaintiff with medical treatment. Plaintiff cites K.S.A. 60-513(a)(3)(4)(b), a statute of limitations provision, and K.S.A. 21-3201, in support of his position. There is no basis in law for a civil action based on the criminal code plaintiff cites in his complaint. See K.S.A. 21-3201 (Criminal Intent definition). Plaintiff has therefore failed to state a claim.

### F. Emotional Duress

A claim for negligent or intentional infliction of emotion

-7-

distress is barred under the exclusivity provision of the Act. <u>Hormann</u>, 236 Kan. at 200. Therefore, this claim must also be dismissed.

### G. Remaining Claims

Finally, plaintiff alleges that defendants are liable for "recovery of property loss," "damages to credit rating," "interference of commerce," and "failing to provide." Plaintiff asserts that defendants have damaged his credit because of his loss of work and are liable for his property loss because plaintiff was forced to sell items when he was not working. Plaintiff has merely cited the statute of limitations in support of his claims. These claims are non-existent under Kansas law.

Defendants' motion to dismiss these claims on the basis that plaintiff has failed to state a claim is granted.

## IV. Conclusion

Defendants' motion to dismiss is granted. (Doc. 8). The clerk is ordered to enter judgment in favor of defendants.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___9th___ day of March 2010, at Wichita, Kansas.

                                           s/ Monti Belot
                                           Monti L. Belot
                                           UNITED STATES DISTRICT JUDGE